UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

MARISA KLEIN,

     Plaintiff,

vs.

CARNIVAL CORPORATION,

     Defendant.

_____/

## COMPLAINT

Plaintiff, MARISA KLEIN, sues Defendant, CARNIVAL CORPORATION, and alleges:

### A. Summary of Case

1.     This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line.

### B. Basis for Jurisdiction and Venue

2.     **Admiralty Jurisdiction:** This case falls within the Court's admiralty or maritime jurisdiction because the incident happened aboard a cruise ship on navigable waters.

3.     **Venue:** The passenger ticket that the Defendant sold the Plaintiff contains a forum-selection clause that says that actions such as this may be filed only in Miami in the United States District Court for the Southern District of Florida.

### C. Negligence Action

4.     On or about February 3, 2020, the Plaintiff was a fare-paying passenger on the *Carnival Victory,* a cruise ship owned and operated by the Defendant.

5.      At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

6.      On February 3, 2020, at dinner in the Pacific Lower Dining Room, the Defendant's employees breached that duty of care by seating the Plaintiff next to a belligerent drunk who, a few minutes later, struck the Plaintiff on her left shoulder, injuring the Plaintiff.

7.      At that time, the Defendant's dining-room employees who seated the Plaintiff were aware–or should have been aware–that the man they had seated the Plaintiff next to was drunk and belligerent. They were aware or should have been aware of this because the man was inappropriately loud, his face was flushed, his eyes were red, he was acting inappropriately, and he was otherwise visibly drunk. Moreover, since it was the Defendant and its employees who sold the man his liquor, they were well aware he was drinking excessively.

8.      The Defendant, through its employees, also violated its duty of care to the Plaintiff and other passengers by serving the belligerent drunk too much alcohol, and by continuing to serve him even more alcohol after he'd obviously become inebriated. The Defendant, through its employees, did so while knowing that this man would likely then go and inflict himself on other passengers, as he did on the Plaintiff.

9.      When the drunk man struck the Plaintiff, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

10.     The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for money-damages against the Defendant.

REQUEST FOR JURY TRIAL

The Plaintiff respectfully asks the Court to grant the Plaintiff a jury trial.

Dated:  July 23, 2021                    Respectfully submitted,

David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
T: (954) 920-1571
Attorneys for the Plaintiff, Marisa Klein