United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Marisa Klein, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-22662-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

## Order Granting Motion to Dismiss

This matter is before the Court on Defendant Carnival Corporation's ("Carnival") motion to dismiss Plaintiff Marisa Klein's amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 10.) Ms. Klein is suing Carnival for two counts of negligence in connection with an injury she allegedly sustained aboard the Carnival Victory. First, she says Carnival negligently sat her next to a drunk passenger who struck her. (Count 1, Am. Compl. ¶¶ 4-11, ECF No. 8.) Second, she says Carnival was negligent because it served the passenger alcohol despite him clearly being drunk. (Count 2, *Id.* ¶¶ 12-20.)

Carnival argues that Ms. Klein has failed to allege negligence in both respects. The Court agrees. Accordingly, the Court **grants** Carnival's motion to dismiss (**ECF No. 10**) Ms. Klein's amended complaint.

### 1. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the same time, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (cleaned up) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if [s]he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 2. Discussion

"To prevail on a negligence claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (cleaned up). "Where an attack on a passenger is carried out by a non-crewmember, such as a criminal intruder or a fellow passenger, courts apply the standard of ordinary care under the circumstances to determine whether the cruise line should be held liable." *Doe v. Royal Caribbean Cruises, Ltd*, No. 11-23323-CIV, 2011 WL 6727959, at *2 (S.D. Fla. Dec. 21, 2011) (Goodman, Mag. J.) (cleaned up); *see also H.S. v. Carnival Corp.*, 727 F. App'x 1003, 1006 (11th Cir. 2018); *Brown v. NCL (Bahamas) Ltd.*, No. 15-21732-CIV, 2016 WL 8716482, at *8 (S.D. Fla. Oct. 13, 2016) (Lenard, J.). Under that standard, where the risk-creating condition is one commonly encountered on land, a cruise line must have had active or constructive notice of a risk-creating condition in order to be found liable. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019); *Taylor v. Royal Caribbean Cruises, Ltd.*, No. 20-14754, 2021 WL 3502626, at *3 (11th Cir. Aug. 10, 2021).

Carnival says that Ms. Klein fails to state a claim for negligence because: (1) the passenger's actions are an intervening cause of her injury (*see id.* 5), (2) she does not allege that Carnival was on notice of the passenger's "violence" (*see* Mot. 4), and (3) she does not allege causation (*see id.*).

Carnival's first argument turns on foreseeability. *See Doe*, 2011 WL 67279595 at *2 ("a party may be liable in negligence for intervening criminal acts if the acts are foreseeable."); *Sexton v. United States*, 132 F. Supp. 2d 967, 975 (M.D. Fla. 2000). But foreseeability is a matter of fact that is usually reserved for a jury. *See Palma v. BP Prod. N. Am.*, Inc., 347 F. App'x 526, 527–28 (11th Cir. 2009). As such, this first argument is premature.

Carnival's next argument turns on whether Ms. Klein sufficiently pleads that it had notice of a risk-creating condition. Ms. Klein defends that she sufficiently pleads notice where she notes that the passenger was "visibly drunk," "inappropriately loud" and had a flushed face with red eyes (*see* Am. Comp. ¶ 9; Resp. 2, ECF No. 13). Those descriptions, she says, are enough because "anyone who has ever worked in an establishment that serves lots of alcohol knows that excessive alcohol can quickly and easily lead to violence." (Resp. 2.) But her bare description of the passenger's physical attributes only make notice of a risk-creating condition conceivable—not plausible.

To be sure, Ms. Klein admits that she is not even sure "whether the man struck her with violent intent." (*Id.* 2.). She even says "[i]t is possible the man was so drunk he thought he was giving Klein a jovial slap on the back." (*Id.*) As such, Ms. Klein's suit rests on the implicit assertions that: (1) for count one, Carnival was—or should have been—on notice that a drunken passenger would touch a stranger seated next to them without consent, and (2) for count two, Carnival was similarly on notice that providing alcohol to a drunken passenger would result in that passenger touching a stranger without consent. Such conjecture is well beyond the realm of plausibility. For that reason, the Court agrees that Ms. Klein insufficiently pleads Carnival's notice with respect to both counts.

The Court also agrees with Carnival's argument on causation as to count two. Ms. Klein makes no actual connection between Carnival's ship-wide alcohol service and her injury. *Cf. Brown v. Oceania Cruises, Inc.*, No. 17-22645-CIV, 2017 WL 10379580, at *5 (S.D. Fla. Nov. 20, 2017) (Altonaga, J.). As stated, the traceability of her alleged injury remains in Carnival placing her next to the passenger. In fact, Ms. Klein repeats for count two the same factual allegations she makes for count one. The notion that Carnival's alcohol service caused Ms. Klein's injury simply never crosses "the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

### 3. Conclusion

Accordingly, the Court dismisses the amended complaint and **grants** Carnival's motion to dismiss (**ECF No. 10**). The clerk shall **close** this case.

**Done and ordered** in Miami, Florida, on March 29, 2022.

Robert N. Scola, Jr.
United States District Judge